And our final case of the day is United States v. Reed. Mr. McQuaid. May it please the Court, Your Honors. Oh, the government. Your Honor, I want to address the issue of the sentencing disparity in this case from Mr. Reed's 10-year sentence to the co-defendants that he, part of the conspiracy that he pled guilty to. Obviously, in this case, Mr. Reed, as we have argued, that the application of the career offender guideline overstated his criminal history, his criminal background, and ultimately, by its propulsion to a level 31 for offense conduct, overstates his conduct in this offense. And under the circumstances, Your Honor, as far as the sentencing disparity goes, Mr. Reed's conduct in this offense was limited to three to four months. He was a street-level dealer. At the time of his plea, we already knew that possibly Mr. Thompson would be sentenced below Mr. Reed's guideline, which he was. The government has made a point, and it is true. Mr. Thompson was a Category 1 criminal history offense level. However, his conduct was he was the ringleader. He was the one who ran this organization, this drug line. And his sentence is significantly lower than Mr. Reed's 10-year sentence. As to Mr. Cooper, he was a Category 2 criminal history level. His sentence was 78 months. Mr. Thompson's was 108 months. Mr. Cooper was somewhat comparable in his conduct, but his conduct extended much longer and much more involved than Mr. Reed's conduct. And ultimately, what we know now, Your Honor, is that Mr. Bolden's cooperation agreement took him from a similarly situated sentencing guideline range of 188 to 235 months and put him at a sentence of 73 months. We think, in this particular case, that that is a unreasonable and unwarranted disparity. We're asking the court, based on that particular factor as well as his overstating in the career offender guideline, that his background, even though plugging into the formula, he does qualify for career offender under the law. However, if you look at his actual history, it is two street level offenses that put him into the career offender guideline. There's no value assessment made. It's just a formulatic computation that propels his sentence to 188 months on the bottom. But they were felony drug delivery? They were felony street level drug deliveries, Your Honor. They were both. One was possession with intent to deliver cannabis. I believe his earlier one was a possession to distribute a controlled substance with intent. That sentence was, I think, three years. The cannabis sentence was lower than that. But at that point, by the time he was in front of Judge Pallmeyer at 26, there was no doubt. He accumulated a lot of arrests, convictions. But I think, and I'm not going to rehash what was said at sentencing about his social history, what was also rehashed in the brief about his social history, the explanation that his career was very, I guess, short. I guess a career can be three years. In this case, he was 21 years old when he had his first felony conviction. I would say to Your Honors that his first offense was a altercation in which police were involved. Then he shoved someone. Now he has a felony obstructing or resisting police. He had never been put on probation at that time. He jumps right into the conviction. And everything flows from there. We spent a lot of time at sentencing explaining his circumstances around his life and the decisions he made. But ultimately, when he came before Judge Pallmeyer without the career offender guideline, he was at a level 23 at a category 5. 84 to 105 months was the range. At that time, Mr. Reed asked for that to be the guideline that the judge would begin the sentencing process from. Obviously, in this case, Judge Pallmeyer decided 188 months to 235 based on the career offender guideline. And I can't sit up here and tell Your Honors that there's any dispute to the facts that apply to the application of that guideline. But when you're assessing the value of what his background was, what his behavior was in this case. Well, the judge calculated the guideline range with the career offender. She did. But she came in with a substantially below guideline sentence. So that would hardly be substantively unreasonable as many of our cases hold. And I know they do, Your Honor. And the argument I'm making on behalf of Mr. Reed is that starting at 188 months in this case for Mr. Reed, based on his conduct, and his history, and his personal life. And then going to 120 months, and you're saying, that's a significant reduction in the guideline range. And I agree with you. I can't disagree with you. But we're starting from too high of a point. And I think just using this formulatic way of putting someone's guideline range up to 31, increasing his offense level technically, as well as adding the one, it's only one, but it's significant, one point to his criminal history category, starts him off from an unfair point of view. Based on what he did, based on his relationship to this particular conspiracy, his offense conduct is given much higher value than those that are more culpable because of the career offender guideline. The court can consider the value in 3553 going under the guideline that's set. And it was set properly. And I'm not saying that. And I know Your Honors know that I'm not saying that. I'm making the argument that the court can use its discretion based on Mr. Reed, in this particular case, based on his factors, to understand why he's a career offender, understand what his conduct was, why the career offender guideline of 108 months is unreasonable, and come closer to this mandatory minimum of five, but then within the 84 to 105 months, which is completely appropriate for this case. And it is a desperate argument. I understand that. But I think under the circumstances, it's an argument worth making on behalf of Mr. Reed and the sense that he received in this case. So if there's nothing further, I will reserve the rest of my time. Thank you. Certainly, counsel. Ms. Alexakis. May it please the court, my name is Georgia Alexakis. And I represent the United States. This court should affirm the defendant's sentence. The district court did not abuse its discretion in imposing a substantially below guidelines sentence that was substantively reasonable. The defendant concedes that his client, the defense counsel concedes that his client was, as a technical matter, correctly classified as a career offender. The defendant concedes that that guidelines range of 188 to 235 months was correctly calculated. The district court exercised its discretion in going substantially below that guidelines range and imposing a 120 month sentence. And in exercising that discretion, the district court recognized a host of mitigating factors related to the defendant's childhood and disadvantaged background. The district court recognized the seriousness of the offense. And the district court also recognized the extent of the defendant's criminal history. So where a defendant says that the career offender tag overstates his criminal history, with a PSR, what the record really reflects is an individual who accumulated 12 convictions in a five year period of time. The district court recognized that and also recognized that coupled with that was a pattern of recidivism and took that into account and nevertheless gave him a substantially below guidelines range sentence. With respect to Mr. Reed's co-defendants, this court has been clear that similarly situated defendants, well, that defendants who are not similarly situated should not be considered under a 3553A6 analysis. And here you have defendants who are not similarly, or co-defendants who are not similarly situated with Mr. Reed. You have one co-defendant who was a cooperator with the government and you have two co-defendants who had substantially less of a criminal history than Mr. Reed did. Unless there are any further questions from the, or any questions from the panel, the government rests on its briefs and asks that the district court's judgment be affirmed. Thank you, counsel. Anything further, Mr. McQuaid? No, Your Honor. And Mr. McQuaid, we appreciate your willingness to accept the appointment in this case and your assistance to the court as well as your client. Case is taken under advisement and the court will be in recess.